FILED
CLERK, U.S. DISTRICT COURT
12/3/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_MMC\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SYLVEIN WILLIAM MAXIMILIAN D'HABSBURG XVII,<br>　aka "Sylvein D'Habsburg,"<br>　aka "Sylvein Scalleone,"<br><br>　　　　Defendant. | CR No. 2:24-CR-00718-MWC<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The United States Attorney charges:

[18 U.S.C. § 1343]

A.　INTRODUCTORY ALLEGATIONS

　　At times relevant to this Information:

　　1.　Defendant SYLVEIN WILLIAM MAXIMILIAN D'HABSBURG XVII, also known as ("aka") "Sylvein D'Habsburg," aka "Sylvein Scalleone," was a resident of Los Angeles, Glendale, and La Crescenta, in California.

　　2.　Defendant D'HABSBURG owned, managed, and controlled the following business entities, all based in California:  Wild Rabbit Technologies LLC ("Wild Rabbit") and BAI Intelligence LLC ("BAI Intelligence").

3. Defendant D'HABSBURG maintained access to and control over a U.S. Bank account ending in 6835 held in the name of defendant D'HABSBURG (the "6835 Account").

4. Wild Rabbit and BAI Intelligence were companies that marketed an alleged artificial intelligence ("AI") technology that could detect a COVID-19 infection based solely on a video recording and predict future events, among other things.

5. Victim 1 had a bank account at Bank of the West.

B. THE SCHEME TO DEFRAUD

6. Beginning on a date unknown, but no later than January 16, 2018, and continuing through at least June 26, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant D'HABSBURG, together with others known and unknown to the United States Attorney, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud material matters, and to obtain money and property from victims by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

7. The fraudulent scheme operated and was carried out, in substance, as follows:

    a. Defendant D'HABSBURG would hire recruiters to identify potential investors for Wild Rabbit and BAI Intelligence in the local Filipino community, including elderly church parishioners.

    b. Defendant D'HABSBURG would invite the potential investors to attend investment presentations at defendant D'HABSBURG's office in Downtown Los Angeles, where defendant D'HABSBURG would conduct demonstrations of his alleged AI technology,

which he would claim could predict the future and detect a COVID-19 infection based solely on a video recording, among other things.

   c. At these investment presentations, in order to induce victim-investors to send him money, defendant D'HABSBURG would make and cause to be made false representations and promises and would maintain false pretenses, which defendant D'HABSBURG knew were false at the time they were made, including the following:

    i. That defendant D'HABSBURG had already secured approximately $500 million in investments for Wild Rabbit and BAI Intelligence, including from the Harvard University endowment, Kobe Bryant, Michael Jordan, Joel Osteen, Steve Wozniak, and others. In fact, as defendant D'HABSBURG then knew, none of those individuals or entities had invested in Wild Rabbit or BAI Intelligence.

    ii. That U.S. Secretaries of State Mike Pompeo and Hillary Clinton had consulted with defendant D'HABSBURG about his AI technology. In fact, as defendant D'HABSBURG then knew, neither Mike Pompeo nor Hillary Clinton had consulted with defendant D'HABSBURG about his purported AI technology or companies.

    iii. That defendant D'HABSBURG would use investment funds to further research into his AI technology by hiring personnel and obtaining patents.

   d. Contrary to defendant D'HABSBURG's representations about how he would use investor funds, which defendant D'HABSBURG knew were false at the time they were made, defendant D'HABSBURG would use investor funds for personal use, including spending hundreds of thousands of dollars on luxury cars, rare antiques, carved wooden throne chairs, high-end clothing, and cash withdrawals.

      e.    As a result of the scheme to defraud, defendant D'HABSBURG caused investors a total of approximately $5.947 million in losses.

C.    USE OF AN INTERSTATE WIRE

    8.    On or about April 15, 2020, in Los Angeles County, within the Central District of California, for the purpose of executing the above-described scheme to defraud, namely, the misuse and misappropriation of investor funds fraudulently obtained in the name of BAI Intelligence, defendant D'HABSBURG caused Victim 1 to transmit, by means of wire communications in interstate commerce, approximately $224,378.43 to the 6835 Account held in the name of defendant D'HABSBURG.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this single-count Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court;

//

(d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

        E. MARTIN ESTRADA
        United States Attorney

        */s/ Mack E. Jenkins*

        MACK E. JENKINS
        Assistant United States Attorney
        Chief, Criminal Division

        FRANCES S. LEWIS
        Assistant United States Attorney
        Chief, General Crimes Section

        JASON C. PANG
        Assistant United States Attorney
        Deputy Chief, General Crimes
          Section

        ALEXANDER SU
        Assistant United States Attorney
        Asset Forfeiture and Recovery
          Section